Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Debemos resolver si el Municipio de Bayamón actuó correctamente al adjudicarle la buena pro de una subasta de servicios de teléfonos públicos a la recurrida Teléfonos Públicos de Puerto Rico. Resolvemos que sí, por lo que se expide el auto de revisión y se confirma la resolución.
I
El Municipio de Bayamón anunció en un periódico el Aviso de Subasta Número 55. Serie 1998-99, para el “Arrendamiento de los lugares donde se prestará el servicio de teléfonos públicos en la propiedad del Municipio de Bayamón”. La subasta se celebraría el 27 de mayo de 1999. En una reunión presubasta llevada a cabo el 21 de mayo de 1999, comparecieron tres funcionarios de la Puerto Rico Telephone Company y un funcionario de la corporación Teléfonos Públicos de Puerto Rico. De la minuta de dicha reunión surge que para propósitos de determinar la experiencia de las corporaciones que comparecieran a la subasta, se contaría desde la fecha de su incorporación y la experiencia se consideraría en el área de telefonía en general.
El día de la subasta comparecieron a la puja dos compañías: la recurrente Puerto Rico Telephone Company y la recurrida Teléfonos Públicos de Puerto Rico.
La oferta de la Puerto Rico Telephone Company consistió del pago de $10 por teléfono por concepto de canon de arrendamiento mensual; una comisión del veinticinco por ciento (25%) de los recaudos en exceso de $50; y una comisión del cincuenta por ciento (50%) de la compensación negociada con el portador de larga distancia de dicha compañía. Esta también ofreció la instalación de un quiosco para el uso de internet en la *885 Biblioteca Municipal.
De otro lado, la recurrida Teléfonos Públicos de Puerto Rico hizo una oferta de pagar $20 por arrendamiento mensual por cada teléfono instalado y una comisión del veinticinco por ciento (25%) de las ganancias netas mensuales, acompañada de un informe auditable del cálculo de las comisiones e información de las llamadas generadas de cada teléfono instalado. En su oferta, ésta también incluyó la instalación en la Alcaldía de Bayamón de una computadora conocida como un quioso interactivo para brindar información sobre direcciones en el Municipio, sitios de interés turístico y otra información.
Mediante la Resolución Núm. 72, Serie 1998-99, emitida el 8 de junio de 1999, la Junta de Subastas del Municipio de Bayamón le adjudicó la buena pro a la recurrida Teléfonos Públicos de Puerto Rico. La Puerto Rico Telephone Company impugnó la adjudicación de la subasta, basándose en dos razones. En primer lugar, señala que la recurrida Teléfonos Públicos de Puerto Rico no cumplía con las especificaciones de la subasta, puesto que no tenía los cinco años de experiencia requeridos, en vista de que había sido incorporada en el año 1997. En segundo lugar, argumenta que se violó el debido procedimiento de ley en la adjudicación de la referida subasta. La recurrida Teléfonos de Puerto Rico presentó escrito de oposición en el que rebate ambos planteamientos.
Respecto al primer señalamiento de error, la recurrente Puerto Rico Telephone Company señala que las especificaciones de la subasta requerían una experiencia de cinco años en el negocio de las telecomunicaciones, por lo que la recurrida Teléfonos de Puerto Rico estaba descalificada porque había sido incorporada en el Departamento de Estado el 9 de septiembre de 1997. Por tal razón, al no cumplir con dicho requisito no podía adjudicársele la subasta, independientemente del precio u otros factores contenidos en la oferta sometida por esa compañía licitadora.
Por su parte, la recurrida Teléfonos de Puerto Rico rebate este señalamiento e indica que el requisito de los cinco años de experiencia contados a partir de la fecha de incorporación no era parte de la propuesta sino una interpretación informal a la que se llegó en la reunión presubasta. Asimismo, dicha parte arguye que de haber sido un requisito los cinco años de experiencia, el mismo sería ultra vires, debido a que ninguna persona o corporación dentro de Puerto Rico podría cumplir con dicho requisito, en vista de que con antelación a la disminución en la reglamentación del gobierno en el negocio de las telecomunicaciones, ocurrida en 1996— 1997, para permitir mercados más abiertos y promover la competencia, nadie podía ser dueño de teléfonos públicos en Puerto Rico, ya que tal facultad era monopolio de la recurrente Puerto Rico Telephone Company. La recurrida Teléfonos de Puerto Rico así lo hizo constar en su oferta antes de pasar a detallar la vasta experiencia de los oficiales de dicha corporación.
De igual forma, la recurrida Teléfonos de Puerto Rico aduce que si se tomase la fecha de incorporación para determinar la experiencia de la compañía, la recurrente Puerto Rico Telephone Company no sólo no cumpliría con ese requisito sino que tendría menos experiencia que la parte recurrida, debido a que el 31 de diciembre de 1998 la Puerto Rico Telephone Company se consolidó con la PRTC Merger Co. Inc., por lo que quedó disuelta y surgió la Puerto Rico Telephone Company Inc. En ese sentido, la recurrida Teléfonos de Puerto Rico señala que al tomar en consideración la fecha de la nueva incorporación, la recurrente Puerto Rico Telephone Company tendría siete meses de experiencia, por lo que contaría con menos experiencia que la recurrida Teléfonos de Puerto Rico. Asimismo, la recurrida señala que la Puerto Rico Telephone Company no puede pretender que se le reconozca a la nueva corporación privatizada las ocho décadas de experiencia previa de otros entes corporativos. Más aún, dicha parte señala que en el momento en que la recurrente Puerto Rico Telephone Company sometió su propuesta, ya ésta no tenía personalidad jurídica porque había sido disuelta.
*886 Procedemos a examinar el primer señalamiento de error. En la subasta, se establece el alcance de los servicios requeridos por el Municipio de Bayamón y la experiencia requerida a la compañía que los proveería. Específicamente, la subasta establece lo siguiente:

“El Municipio de Bayamón interesa arrendar los lugares y accesos públicos a una compañía de servicio teléfonico [sic] que sea responsable del mantenimiento, reparación, recaudación; así [sic] como de los costos y cargos asociados a las líneas instaladas del servicio de teléfonos públicos ubicados en todas las áreas y facilidades públicas del Municipio, a saber, edificios del gobierno municipal, parques, calles y avenidas. Los servicios a proveer por la firma contratada incluirán lo siguiente:

(C) Capacidad técnica y Mantenimiento de Equipo: La compañía deberá evidenciar la cualificación y competencia profesional y técnica de su personal en el campo de las telecomunicaciones públicas. La compañía demostrará que tiene una experiencia mínima de cinco (5) años en el negocio de telecomunicaciones. Las averías que se produzcan y requieran intervención técnica deberán ser corregidas en un período [sic] de no más de 24 horas. ”

La recurrente Puerto Rico Telephone Company aduce que la recurrida Teléfonos de Puerto Rico no cumple con el requisito de los cinco años de experiencia. En la reunión presubasta se aclaró que el período de los cinco años se contaría a partir de la fecha de incorporación y que la experiencia debía ser en el área de la telefonía. La recurrida Teléfonos de Puerto Rico señala que dicho requisito no podía ser exigible, en vista de que antes de la disminución en la reglamentación del gobierno en el ámbito de la comunicación telefónica, nadie podía ser dueño de teléfonos públicos en Puerto Rico. Por tal razón, era imposible que una compañía privada puertorriqueña existiese desde antes del año 1996 para proveer el servicio de teléfonos públicos. La parte recurrida tiene razón. Veamos.
La aprobación de la Telecommunications Act of 1996, 47 U.S.C. sec. 251 et seq., tuvo el propósito de promover la competencia y reducir la reglamentación en el área de los servicios de telecomunicaciones para asegurar una mejor calidad al menor precio posible. En el historial legislativo de la referida ley, se señala cómo las compañías que proveían servicios habían sido protegidas de la competencia por el Estado y los gobiernos locales, lo que había producido que las mismas gozaran de un monopolio protegido por el gobierno. A esos efectos, aparece en el historial legislativo de la referida ley lo siguiente:

“In providing local telephone service, telephone companies have historically been protected from competition by State and local government barriers to entry.... In the overwhelming majority of markets, today, because of their government-sanctioned monopoly status, local providers maintain bottleneck control over the essential facilities needed for the provision of local telephone services. The bottleneck consists of the elements needed to originate or terminate a telephone call, the equipment with capabilites of routing and signaling calls, network capacity and network standards. The inability of other service provider to gain access to the local telephone companies equipment inhibits competition that could otherwise develop in the local exchange market. In contrast, in the exchange-access market, competition among facilities-based carriers emerged.... For much of the past 60 years, the provision of local telephone service has been a monopoly service, and the telephone companies operating today have been the monopoly suppliers. ”

1996 U.S. Code Cong. and Adm. News, pág. 13.
En la Sec. 253 de la Telecommunications Act of 1996, 47 U.S.C. 253, se prohibe que los estados *887 establezcan reglamentación que prohíba o tenga el efecto de prohibir la capacidad de alguna entidad de proveer algún servicio de comunicación dentro del estado o entre los estados. Dicha sección establece en lo pertinente lo siguiente:

“See. 253 REMOVAL OF BARRIERS TO ENTRY

(a) IN GENERAL. -No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service. ”

Como consecuencia de la aprobación de la Telecommunications Act of 1996, en Puerto Rico sé aprobó la Ley de Telecomunicaciones de Puerto Rico de 1996, Ley Núm. 213 de 12 de septiembre de 1996, 27 L.P.R.A. sec. 265 et seq. Dicha ley reconoció en su exposición de motivos que al tomar en consideración las acciones del gobierno federal en cuanto a la extensión y aplicabilidad de los servicios de telecomunicaciones a la comunidad en general, era esencial establecer una junta que promoviera la competencia total, igual y leal y que facilitara y estimulara la construcción y desarrollo de facilidades de telecomunicaciones, para permitir y asegurar a los ciudadanos de Puerto Rico mejores y más variados servicios de telecomunicaciones a costos razonables. En ese sentido, dicha ley creó la Junta Reglamentaria de las Telecomunicaciones para establecer reglamentación que velara por la eficiencia del servicio telefónico y garantizara la continuación de los servicios de índole social como los teléfonos públicos y rurales, así como también que promoviese la competencia.
Antes de la aprobación de la Ley Núm. 213, supra, sólo la recurrente Puerto Rico Telephone Company proveía servicio telefónico en Puerto Rico. Por tal razón, el Municipio de Bayamón no podía exigir como uno de los requisitos de la subasta que la compañía licitadora tuviera cinco años de experiencia, contados a partir de la fecha de incorporación en Puerto Rico, cuando la ley que permitió la competencia en el área de los servicios de telecomunicaciones fue aprobada en 1996.
Por otro lado, si examinamos el contexto en el que el Municipio de Bayamón exigió el requisito de cinco años de experiencia, surge que el objetivo que perseguía el Municipio de Bayamón al requerir dicho requisito era asegurarse de que la compañía a la que se le adjudicara la subasta contara con el personal capacitado para proveer los servicios requeridos. En su licitación, la recurrida Teléfonos de Puerto Rico expuso en detalle la experiencia de los oficiales de la compañía en el campo de la telefonía, así como del personal con que cuenta para proveer sus servicios y ésta fue una de las razones que utilizó el Municipio de Bayamón para fundamentar la adjudicación de la buena pro a esta compañía. Específicamente, en su resolución la Junta de Subasta hizo referencia a que la recurrida Teléfonos de Puerto Rico poseía un equipo de trabajo muy competente para la realización del servicio. Resolución, a la pág. 3.
A tenor con lo anteriormente expuesto, resolvemos que el primer error no se cometió, puesto que el Municipio de Bayamón no podía exigir el requisito de cinco años de experiencia, cuando la legislación que permitió la competencia en este tipo de servicio se aprobó en 1996.
En su segundo planteamiento de error, la recurrente Puerto Rico Telephone Company señala que la Junta de Subastas no observó el debido proceso de ley en la adjudicación de la subasta. Dicha parte basa su contención en que la contratación objeto de evaluación tenía dos factores económicos que tenían que ser analizados por la Junta de Subastas para poder hacer una adjudicación donde mejor se protegieran los derechos e intereses del Municipio de Bayamón. Dichos factores eran el canon mensual por localidad y la comisión que recibiría el Municipio. La recurrente Puerto Rico Telephone Company alega que si el único elemento que el *888 Municipio utilizó fue el pago del canon mensual por localidad y no tomó en consideración la comisión que el Municipio recibiría, dicho análisis está incompleto. A esos efectos, la recurrente señala que la Junta de Subastas en su resolución sólo mencionó extractos de las ofertas presentadas por ambos licitadores, luego de lo cual expresó su conclusión, sin que surgiera un análisis. De igual forma, en su argumentación, la recurrente Puerto Rico Telephone Company también indica que la Junta de Subastas en su resolución no pasó juicio sobre la experiencia de las compañías licitadoras.
Luego de examinar la resolución emitida por la Junta de Subastas, resolvemos que este segundo señalamiento de error no se cometió. La contención de la recurrente Puerto Rico Telephone Company en cuanto a que la Junta de Subastas no incluyó en la resolución el análisis en que basó su determinación no es correcta. De la resolución surge que la Junta de Subastas le adjudicó la buena pro a la recurrida Teléfonos de Puerto Rico, basándose en cinco razones. A esos efectos, señaló que la corporación seleccionada ofrecía la mejor oferta en términos de beneficios económicos; que ésta cumplía con todos los requisitos establecidos en la subasta y poseía un equipo de trabajo muy competente para la realización del servicio; que la corporación había prometido reemplazar veinte (20) teléfonos diarios por teléfonos de ELCOTEL, INC. para comenzar su servicio; que al ser propietaria dicha corporación del equipo, podía proveer una comisión mejor por concepto de llamadas de larga distancia, así como también que podía diagnosticar cada teléfono diariamente para hacer un conteo de monedas y de funcionamiento; que asignaría un técnico por cada cien (100) unidades instaladas; y que proveería la instalación de una computadora, conocida como un quiosco interactivo, que brindaría información sobre direcciones en el Municipio, sitios de interés turístico, un directorio de teléfonos, un calendario de actividades y otros. Resolución, a la pág. 3.
Si examinamos las cinco razones enumeradas por la Junta de Subastas en su resolución, surge que tampoco es correcta la aseveración de la recurrente en cuanto a que el único factor que tomó en cuenta la Junta de Subastas al hacer su adjudicación a la parte contraria fue la diferencia en el canon mensual de arrendamiento, pues según expusimos anteriormente, dicho organismo también tomó en cuenta otras consideraciones como el reemplazo de teléfonos; la comisión que la compañía podía proveer por concepto de llamadas de larga distancia; la cantidad de técnicos asignados para atender los teléfonos; el hecho de que la compañía fuese dueña del equipo; y la facilidad de un quiosco de información.
La Junta de Subastas adjudicó la subasta a la recurrida Teléfonos de Puerto Rico porque entendió, luego de su análisis, que era la propuesta que más beneficiaría al Municipio de Bayamón y no hallamos razón alguna para revocar dicha decisión. Si examinamos el factor económico, claramente se puede determinar que la oferta de la recurrida Teléfonos de Puerto Rico era más ventajosa para el Municipio, en vista de que ésta le pagaría no sólo el doble del canon de arrendamiento mensual por teléfono, sino que también le pagaría una comisión del 25% sobre las ganancias netas mensuales, que incluían todos los ingresos recibidos por la compañía recurrida tanto de las llamadas locales como de las de larga distancia, independiente de la forma en que se hicieran, ya fuese por moneda, cargos revertidos (“collect”), tarjetas de crédito, tarjetas de llamadas, tarjetas inteligentes y llamadas a códigos 1-800 y 1-888.
Específicamente, en cuanto a las llamadas de larga distancia a los números 1-800 o 1-888, la recurrida Teléfonos de Puerto Rico señaló en su propuesta que, basándose en la experiencia de sobre quince años en la industria, el ochenta por ciento (80%) de las llamadas de larga distancia utilizan números 1-800 o 1-888; y que solamente los dueños del teléfono pueden recibir compensación por dichas llamadas. Por tal razón, compañías como AT&T, MCI y TLD no reciben compensación por esas llamadas, a no ser que sean dueñas del teléfono. Como consecuencia, no pueden pagar comisiones por esas llamadas, de las cuales se recibe $.284 por cada llamada hecha a números 1-800 o 1-888. La recurrida Teléfonos de Puerto Rico señaló que la recurrente Puerto Rico Telephone Company no recibe compensación por ese tipo de llamada, puesto que ésta no cumple con los *889 requisitos establecidos por la Comisión Federal de Comunicaciones, mientras que la recurrida Teléfonos de Puerto Rico señaló que sí recibía ganancias por dichas llamadas y pagaba comisiones sobre las mismas. Nó consta en la licitación de la recurrente Puerto Rico Telephone Company el pago de comisiones por llamadas á los números 1-800 y 1888, así como tampoco dicha parte ha rebatido la aseveración al respecto 'hecha por lá parte recurrida en su propuesta.
Finalmente, la recurrida Teléfonos de Puerto Rico también incluyó como parte de las ganancias por las qué pagaría comisión, cualquier remuneración recibida por la venta de anuncios publicitarios en la cabinas telefónicas, previo acuerdo con el Municipio.
Por su parte, la oferta que le hizo la recurrente Puerto Rico Telephone Company al Municipio de Bayamón consistía del pago de un canon mensual de $10 por teléfono, una comisión del 25% de los recaudos en exceso de $50 y una comisión del 50% de la compensación negociada con su portador de larga distancia, la cual nó consta en la propuesta. No obstante dicha oferta, el Municipio de Bayamóñ concluyó que lá recurrida, Teléfonos de Puerto Rico podía proveer una mejor comisión en llamadas de larga distancia, por razón de qüe dicha compañía era propietaria del equipo. Por esa misma razón, el Municipio también estimó que ésta podíá hacer una evaluación diaria de cada teléfono en términos del conteo de monedas y de su fUncióñámieh'to.
Cabe destacar, además, que en cuanto al alcance básico del servicio que proveería, la recurrente Puerto Rico Telephone Company en su propuesta se reservó el derecho de negociar con el Municipio de Báyámón él derecho de remover o relocalizar aquellos teléfonos públicos que no generasen el tráfico mínimo requerido, ló que podría tener un efecto negativo sobre aquellas áreas de pequeñas comunidades que no produzcan el tráfico mínimo, pero para las cuales un teléfono público es un servicio esencial.
Luego de evaluar la resolución emitida por la Junta de Subastas del Municipio de Bayamón, así como las propuestas sometidas por las partes, resolvemos que no se violó el debido proceso de ley en lá adjudicación de la subasta en cuestión, puesto que el Municipio de Bayamón adjudicó la buena pro luego de .llévar a cabo üñ análisis y haber expresado los fundamentos específicos en los que basó su decisión, que consistían dé factores tanto económicos como de servicio, los cuales resultarían en el mayor beneficio para dicho Municipio. Por tal razón, resolvemos que este segundo error tampoco se cometió.
Finalmente, dicha parte plantea que la notificación de la resolución en que se adjudicó lá subasta carecía del apercibimiento sobre el procedimiento que tenía la parte afectada por dicha decisión para recurrir eñ revisión judicial. En cuanto a este planteamiento, la recurrida Teléfonos de Puerto Rico señala que el mismo és académico debido a que la parte recurrente logró radicar en tiempo hábil la solicitud de revisión.
Si bien los artículos 11.004 al 11.006 de la Ley de Municipios Autónomos, 21 L.P.R.A. secs. 4504-4506, relacionados con la constitución y funcionamiento de la Junta de Subasta, no establecen el requisito de incluir el apercibimiento sobre el derecho a interponer un recurso de revisión, dicho requisito surge como parte del requisito de notificación que exige el debido proceso de ley. Asoc. Vec. Altamesa Este v. Mun. San Juan, _ D.P.R. _ (1996), 96 J.T.S. 15, a la pág. 653. No obstante lo anterior, en el caso de autos, el recurso de revisión fue correctamente presentado en el foro apropiado dentro del término dispuesto, por lo qüe el hecho cíe que la resolución de la Junta de Subasta no incluyera el apercibimiento para recurrir en álzada, ño tuvo consecuencias para la recurrente.
Con estos antecedentes, se expide el auto de revisión y se confirma la adjudicación de la subasta hecha por el Municipio de Bayamón.
*890 Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General